UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 SEP 25 AM 10:53
N.D. OF ALABAMA

CARMEN TARISHA JONES, )
)
Plaintiff, )
)
VS. ) Civil Action No. CV-96-S-857-S
)
BORG-WARNER PROTECTIVE )
SERVICES D/B/A )
WELLS FARGO AND WELLS FARGO )
GUARD SERVICES, )
)
Defendant. )

ENTERED
SEP 25 1998

MEMORANDUM OPINION

Plaintiff, Carmen Tarisha Jones, brought this action alleging that defendant, Borg-Warner Protective Services ("Borg Warner"), terminated her employment because of her race (African-American). This action now is before the court on defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, alleging that Jones lacks standing to prosecute this case.

I. SUMMARY OF MATERIAL FACTS

The last day Jones worked for Borg-Warner was November 20, 1994. She filed a charge of discrimination with the Equal Employment Opportunity Commission on March 3, 1995. Seventeen days later, on March 20, 1995, Jones filed a petition for relief under Chapter 7 of the Bankruptcy Code. Jones did not list as an asset, or otherwise identify, the cause of action at issue on the schedules accompanying her Chapter 7 petition. The bankruptcy case

65

was closed in July of 1995. Jones, subsequently, petitioned for relief under Chapter 13 of the Bankruptcy Code.[1] Jones did not identify the employment discrimination action for Chapter 13 purposes either. The Chapter 13 proceeding was closed on November 8, 1996. Jones commenced this action on April 4, 1996.

## II. DISCUSSION

The court agrees with defendant's premises that Jones's action for employment discrimination had accrued by the March 20 bankruptcy filing, see *Harris v. St. Louis University*, 114 B.R. 647, 648 (E.D. Mo. 1990), and that it became a part of her estate in bankruptcy. See *In re Carson*, 82 B.R. 847, 850-51 (Bankr. E.D. Ohio 1987); see also *Cain v. Hyatt*, 101 B.R. 440, 441-42 (E.D. Pa. 1989) (collecting cases).

Consequently, only the bankruptcy trustees have the authority to prosecute this action.[2] *E.g.*, *Cain*, 101 B.R. at 442; *Bickford v. Ponce de Leon Care Center*, 918 F. Supp. 377, 378 (M.D. Fla. 1996).

The fact that the trustees, and not Jones, are the real parties in interest does not compel dismissal of the action, however. See *Cain*, 101 B.R. at 443; see also *Kohlbrenner v. Victor*

---

[1] Jones had filed a Chapter 13 petition prior to the accrual of this cause of action. Therefore, that bankruptcy proceeding, No. 94-06797, closed April 6, 1995, is inapposite to the instant case.

[2] The Trustee for the Chapter 7 case, No. 95-01647, was Thomas E. Reynolds. The Trustee for the Chapter 13 case, No. 96-01804, was David P. Rogers, Jr.

2

*Belata Co.*, 1998 WL 328639, at *2, *3 (W.D.N.Y.). Rule 17(a) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest ....

The court further notes that this objection was raised on the eve of pretrial conference, despite defendant's knowledge of the material facts since at least the date of plaintiff's deposition: April 22, 1997.

The court accordingly will stay these proceedings for a period of 45 days, thus allowing the bankruptcy trustees to take appropriate action on or before November 9, 1998.[3]

The court notes further, that Jones may regain standing for this cause of action if the trustees abandon it under 11 U.S.C. § 554(a).[4] *See Cain*, 101 B.R. at 442 n.1; *Harris*, 114 B.R. at 649; *see also Bickford*, 918 F. Supp. at 378. Although Jones failed to list as an asset or otherwise identify this cause of action for the purposes of her bankruptcy case, the plaintiff shall serve the

---

[3] This resolution is not disturbed by the fact that Jones's bankruptcy case already has been closed and the trustees discharged. *Cain*, 101 B.R. at 441, 443; *Kohlbrenner*, 1998 WL 328639, at *2, *3.

[4] The court frowns upon Jones's failure to list the cause of action as an asset, but finds that allowing the trustees to move for substitution in this case, or abandon the case and allow Jones to regain standing, is the most equitable and just resolution considering the facts of this case. *See Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D. Mo. 1996).

3

discharged trustees with a copy of this memorandum opinion and the order entered contemporaneously herewith on or before October 1, 1998, and make due return to this court. These documents will provide the trustees with knowledge of this action, and the court will deem the cause abandoned if the trustees fail to move for substitution, or take other action pursuant to Rule 17(a), on or before November 9, 1998. *See Cain*, 101 B.R. at 442 n.1 (citing Collier on Bankruptcy ¶ 554.03 (15th ed. 1989)).

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **25th** day of September, 1998.

_____
United States District Judge

4